UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

| | |
|---|---|
| PATRICIA RIVERA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NATIONAL CHECK PROCESSING, LLC, § <br> § <br> Defendant. § | No. 10-cv-605 |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

PATRICIA RIVERA (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against NATIONAL CHECK PROCESSING, LLC (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in San Antonio, Bexar County, Texas.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national debt collection company and conducts business in Texas.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt for a payday loan.

12. Defendant places collection calls to Plaintiff from the following phone numbers: 904-379-2256, and 904-374-7445.

13. Defendant calls Plaintiff at her work phone: 210-246-1217 and at Plaintiff's home phone: 210-842-8604

14. Defendant threatened to have Plaintiff arrested at Plaintiff's place of employment.

15. Defendant threatened a 'legal investigation' against the Plaintiff.

16. Defendant threatened to charge Plaintiff with internet fraud and threatened to have Plaintiff arrested at work if Plaintiff did not pay the alleged debt to Defendant the same day.

17. Defendant threatened to add $1,500 in Attorney's fees if Plaintiff didn't pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff's at a time and place known to be inconvenient to the Plaintiff.

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse any person.

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   d. Defendant violated *§1692e* of the FDCPA by false, deceptive, or misleading representation or means in connection with the debt collection.

   e. Defendant violated *§1692e(2)* of the FDCPA by misrepresenting the character, amount, or legal status of the alleged debt.

   f. Defendant violated *§1692e(4)* of the FDCPA by making a misleading representation that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment.

   g. Defendant violated *§1692e(5)* of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

   h. Defendant violated *§1692e(7)* of the FDCPA by making a misleading representation that the consumer committed any crime or other conduct in order to disgrace the consumer.

   i. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an

attempt to collect a debt or obtain information about a consumer.

WHEREFORE, Plaintiff, PATRICIA RIVERA, respectfully requests judgment be entered against Defendant, NATIONAL CHECK PROCESSING, LLC, for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


By:_/s/ Michael S. Agruss_____
Michael S. Agruss, Esq.
Krohn & Moss, Ltd.
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025
Tel: (323) 988-2400 x 235
Fax: (866) 620-2956


## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICIA RIVERA, demands a jury trial in this case.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, PATRICIA RIVERA, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, PATRICIA RIVERA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_April 26, 2010_  
Date

_Patricia Rivera_  
PATRICIA RIVERA