UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICIA RIVERA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CA-605-XR |
| | § | |
| NATIONAL CHECK PROCESSING, LLC, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

On this date, the Court considered Plaintiff's Motion for Default Judgment filed December 29, 2010 (Docket No. 7).  After consideration of the motion, record, and applicable law, the Court **GRANTS** Plaintiff's motion for default judgment.

### Background and Procedural History

Defendant National Check Processing, LLC, (National) has for an unspecified amount of time been attempting to collect a debt from Plaintiff Patricia Rivera, alleged to have arisen from a payday loan.[1]  Plaintiff alleges that National has threatened to have her arrested at her place of employment, to have a "legal investigation" against her, to charge her with internet fraud, and to add $1,500 in attorneys' fees if she does not pay her debt.[2]  Plaintiff is seeking statutory damages as authorized by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (FDCP), actual damages, and attorneys' fees.

---

[1] Pl's Compl., July 20, 2010 (Docket Entry No. 1).

[2] *Id.*

1

Plaintiff Patricia Rivera filed this lawsuit on July 7, 2010, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*[3]  Plaintiff seeks $1,000.00 in statutory damages, $3,667.50 in attorneys' fees, $410.00 in filing and service fees, and $500.00 in anticipated collection costs, for a total of $5,577.50.  On August 23, 2010, National's owner Michelle Turner was served with a copy of Plaintiff's Complaint.[4]  National had 21 days, exclusive of the day of service, to answer Plaintiff's complaint.  FED. R. CIV. P. 12(a)(1)(A)(i).  Thus, National's answer was due on September 13, 2010.  National  has not  filed an answer or any other responsive pleading, nor has it contacted Plaintiff's attorneys to request an extension.[5]  Plaintiff moved for entry of default against defendant on September 22, 2010, which was entered by the Clerk on the same day.[6]  Plaintiff then moved for a default judgment on December 29, 2010.[7]

## Legal Standard

Plaintiff seeks a default judgment against National pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure because National has failed to respond or otherwise defend against Plaintiff's allegations.  The Court must accept pleaded facts as true, but retains the obligation to determine whether those facts state a claim upon which relief may be granted.  *See Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (upholding district court's entry of default judgment because, even if true, the Plaintiff's allegations would not support imposing liability against the Defendants); *see also*

-------

[3]*Id.*

[4]Aff. of Service, August 24, 2010 (Docket Entry No. 4).

[5]Pl's Mot. For Entry of Default, September 22, 2010 (Docket Entry No. 5).

[6]*Id.*; Clerk's Entry of Default, September 22, 2010 (Docket Entry No. 6).

[7]Pl's Mot. For Default J., December 29, 2010 (Docket Entry No. 7).

*Marshall v. Baggett*, 2010 WL 3220356, at *2 (8th Cir. 2010). Thus, even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In determining whether to grant a default judgment, relevant factors include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A court may conduct a hearing to effectuate judgment, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b). A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### Analysis

In her complaint, Plaintiff alleges that National violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, by constantly and continuously calling Plaintiff's home and work phones demanding payment of an alleged payday loan debt. Plaintiff alleges that in these calls, National's agents have threatened to have her arrested, bring charges against her, and to add attorneys' fees to the debt. Plaintiff alleges that these actions violated provisions of 15 U.S.C. §§ 1692c, 1692d, and 1692e. Plaintiff further alleges that she is entitled to statutory damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

Based on the pleadings, which must be accepted as true, this Court finds that Plaintiff has stated a claim upon which relief may be granted. *See Lewis,* 236 F.3d at 767. Plaintiff has

sufficiently alleged facts that, taken as true, satisfy the elements of a valid claim and entitle her to statutory damages, costs, and attorneys' fees under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.   First, Plaintiff alleged that she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).   Second, she has asserted that the alleged debt was entered into for personal, family, or household purposes, satisfying the definition of "debt" found in 15 U.S.C. § 1692a(5).   Third, she has shown that Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).   Finally, taking the pleaded facts as true, Plaintiff has established that Defendant violated several sections of the FDCPA.

The grounds for default are clearly established.   National was personally served with Plaintiff's complaint and with a summons on August 24, 2010, and has filed no responsive pleading nor engaged in any communication with Plaintiff's counsel.   There is no indication of good faith mistake or excusable neglect justifying National's failure to respond or otherwise defend against Plaintiff's allegations in the four months subsequent to being served, nor would the granting of a default judgment result in substantial prejudice to National.

This Court therefore finds that Plaintiff has established the grounds for default judgment and its entitlement to relief. Awarding damages of $5,577.50 consisting of $1,000, attorneys' fees of $3,667.50, filing and service fees of $410.00, and collection costs of $500.00  is not unduly harsh on National because it should be expected to pay the statutory damages, costs, and attorneys' fees provided by the statute which it has been accused of violating, has been notified of those allegations, and has failed to defend against those allegations.   Furthermore, the amount of attorneys' fees is reasonable in light of the lodestar analysis which considers the number of hours reasonably expended on the litigation along with their reasonable billing rate. *Turner v. Oxford Management Services, Inc.*, F. Supp.2d 648, 650 (S.D. Tex. 2008), citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir.

1996).  The reasonable billing rate is determined by considering the attorneys' regular rates as well as the rates prevailing in the community for similarly situated attorneys.  *Turner*, 552 F. Supp. 2d at 650, citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).  Here, Plaintiff's attorneys have provided sufficient support from which to conclude that $3,667.50 are reasonable attorneys' fees.

### Conclusion

Having considered Plaintiff's motion and the entire record, the Court hereby GRANTS Plaintiff's motion for default judgment.  It is therefore, ORDERED, ADJUDGED, AND DECREED that Plaintiff Patricia Rivera have and recover from Defendant National Check Processing, LLC, an amount of FIVE THOUSAND SEVENTY-SEVEN DOLLARS AND FIFTY CENTS.

It is so ORDERED.

SIGNED this 17th day of March, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE